E-FILED
Tuesday, 01 March, 2022  07:59:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRISTIAN RAMOS,                          )
   Plaintiff,                            )
                                        )
   vs.                                   )          Case No  21-1148
                                          )
TERI KENNEDY, et. al.,                    )
   Defendants                            )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

      The Court dismissed Plaintiff's initial complaint for failure to clearly articulate a violation of his constitutional rights and as a violation of Federal Rule of Civil Procedure 8. *See* September 22, 2021 Merit Review Order. While Plaintiff was alleging a denial of medical or mental health care, he failed to provide time frames, identify a serious medical condition, explain the involvement of Defendants, or provide other important information providing notice of his claim.  Plaintiff was allowed additional time to file an amended complaint and instructions to assist him. *See* September 22, 2021 Merit Review Order.

      Plaintiff has now filed his motion for leave to amend his complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [11]. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state

1

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies eleven Defendants including Pontiac Correctional Center Warden Teri Kennedy, Sergeant Brady, Lieutenant Renner, Officer John Doe #1, Officer John Doe #2, Dr. Andrew Tilden, Dr. Renzi, Nurse Jane Doe #1, Nurse Jane Doe #2, Officer Hernandez, and Officer Westley.

Plaintiff's amended grievance provides extensive detail alleging he was left to suffer in excruciating pain from May 28, 2019 to May 31, 2019. Plaintiff says he first felt pain in his side on May 27, 2019 and his condition quickly deteriorated including pain in his head, stomach, and penis. Plaintiff's amended complaint details his interactions with Defendants Brady, Renner, and Nurse Jane Doe #1 on May 27, 2019, and their failure to provide appropriate care despite his pleas and symptoms.

Plaintiff also describes his interactions with Defendants Westley, Hernandez, Brady, Renner, John Doe #1, and John Doe #2 on May 28, 2019.  Again, refusing to respond to his complaints of severe pain.

On May 29, 2019, Plaintiff maintains Defendants Dr. Renzi knew he needed medical care, but the doctor took no action. Plaintiff also met with Nurse Jane Doe #2 and told her he thought he might have a urinary tract infection (UTI) due to a similar, previous episode.  The Nurse contacted Dr. Tilden, but ultimately told Plaintiff to drink more water and no additional care was provided.

Plaintiff says he did not receive any medication or treatment until May 31, 2019 when his fever had reached 105 degrees and he was diagnosed with a UTI.

2

Plaintiff has adequately alleged Defendants Sergeant Brady, Lieutenant Renner, Officer John Doe #1, Officer John Doe #2, Dr. Andrew Tilden, Dr. Renzi, Nurse Jane Doe #1, Nurse Jane Doe #2, Officer Hernandez, and Officer Westley were deliberately indifferent to his serious medical condition in violation of his Eighth Amendment rights. Plaintiff does not identify Wexford Health Sources as a Defendant in his Amended Complaint and has not articulated a claim against Wexford. In addition, Plaintiff has not adequately stated any state law claim.

Plaintiff has named Warden Kennedy as a Defendant based on how she handled his grievance.  However, the grievance was filed after Plaintiff had received medical care, and a denial of a grievance does not articulate a constitutional violation. *See Young v. Wexford Health Services*, 2012 WL 621358 at 4 (N.D. Ill. Feb. 14, 2012) (defendant's failure to rule favorably on a prison grievance is not actionable under §1983); *Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at 9 (S.D.Ill. July 1, 2009)("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was 'inadequate' or 'improper' does not state a constitutional claim.").

Finally, Plaintiff says at times he asked for crisis watch because he was in so much pain he wanted to die.  However, Plaintiff admits he was really seeking health care for his physical symptoms.  Therefore, Plaintiff has not stated a claim based on a denial of mental health care.

IT IS THEREFORE ORDERED:

3

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Sergeant Brady, Lieutenant Renner, Officer John Doe #1, Officer John Doe #2, Dr. Andrew Tilden, Dr. Renzi, Nurse Jane Doe #1, Nurse Jane Doe #2, Officer Hernandez, and Officer Westley violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition, severe pain and a urinary tract infection, from May 28, 2019 to May 31, 2019. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to file an Amended Complaint, [11];**

**2) Add Defendants Lt. Renner, Dr. Renzi, Nurse Jane Doe #1, and Nurse Jane Doe #2, and change Sergeant Unknown to Sergeant Brady; 3) Dismiss Defendant Warden Kennedy and Wexford Health Sources for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 1st day of March, 2022.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE